**\*\* E-filed February 24, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SISTERS OF NOTRE DAME DE NAMUR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FREMONT CORNERS, et al.,<br><br>　　　　Defendants.<br>_____<br>AND RELATED CROSSCLAIMS AND THIRD PARTY CLAIMS<br>_____/ | No. C10-01807 HRL<br><br>**ORDER GRANTING THIRD PARTY DEFENDANTS' MOTIONS TO DISMISS**<br><br>**[Re: Docket Nos. 33, 35]** |

　　　This action involves the alleged contamination and resulting clean-up of land owned by the plaintiff Sisters of Notre Dame de Namur. Defendants and third party plaintiffs Mrs. Owen J. Garnett-Murray and Fremont Corners, Inc. (collectively, "Third Party Plaintiffs") filed a third party complaint against, among others, Technichem, Inc. ("Technichem"), Mohsen Tabatabai ("Tabatabai"), and Shahin Fesahata ("Fesahata"). Docket No. 21 ("Third Party Complaint"). In their Third Party Complaint, Third Party Plaintiffs allege that "[t]his Court has subject matter jurisdiction over the . . . Third Party Complaint pursuant to . . . the Resource Conservation and Recovery [A]ct," 42 U.S.C. § 6972 ("RCRA"). Id. ¶ 1.

　　　Technichem, Tabatabai, and Fesahata all move to dismiss the Third Party Complaint on the ground that Third Party Plaintiffs have not sufficiently alleged that this Court has subject matter

jurisdiction over the Third Party Complaint. Docket Nos. 33 at 3-4; Docket No. 35 at 3.[1] They rely upon a jurisdictional provision in the RCRA that provides that "[n]o action may be commenced [under the RCRA] . . . prior to 60 days after the plaintiff has given notice of the violation to . . . any alleged violator . . . ." 42 U.S.C. § 6972(b)(1)(A)(iii). This requirement is jurisdictional: "[W]here a party suing under the citizen suit provisions of RCRA fails to meet the notice and 60-day delay requirements of § 6972(b), the district court must dismiss the action as barred by the terms of the statute." Hallstrom v. Tillamook County, 493 U.S. 20, 33 (1989); see id. at 20.

Third Party Plaintiffs concede that they did not give Technichem, Tabatabai, or Fesahata 60-day notice of the alleged violations. Docket No. 40 at 3. Instead, they argue that dismissal is not required because the Court nevertheless has subject matter jurisdiction because they do not actually allege a claim under the RCRA. Id. Rather, they allege, along with other state law claims, a claim for violation of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 et seq. ("CERCLA"). Id. at 2. In other words, while they misstated the jurisdictional basis for the jurisdictional basis for the Third Party Complaint, no notice was required because they allege a CERCLA claim, not an RCRA claim. Id. at 3.

The Court does not believe that the Third Party Complaint adequately sets forth the appropriate basis for its subject matter jurisdiction. Although Third Party Plaintiffs' say that they do not allege a claim under the RCRA, their Third Party Complaint, along with alleging the RCRA as the jurisdictional basis, states that "[t]his Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 as those claims form part of the same case or controversy as the federal claim brought under [the] RCRA." Third Party Complaint ¶ 2 (emphasis added). At the very least, the Third Party Complaint is unclear on this point. Accordingly, the Court GRANTS Technichem's, Tabatabai's, and Fesahata's motions to dismiss the Third Party Complaint, and Third Party Plaintiffs may file an amended Third Party Complaint within 14 days from the date of this order.[2]

---

[1] Two identical motions to dismiss were filed on behalf of Tabatabai and Fesahata. See Docket Nos. 33, 34. Because both motions are identical, the Court shall disregard and terminate the later filed of the two. See Docket No. 34.

[2] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, all parties to this action have expressly consented that all proceedings in this matter may be heard and finally adjudicated by

2

**IT IS SO ORDERED.**

Dated: February 24, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

---

the undersigned. Docket Nos 8, 11, 12, 49-51. Further, pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the March 1, 2011 hearing is vacated.

In addition, because the Third Party Complaint does not contain sufficient allegations to support this Court's subject matter jurisdiction, the Court does not reach Tabatabai's and Fesahata's other arguments (presented in an untimely reply brief) related to Third Party Plaintiffs' standing to bring claims under CERCLA and California Health and Safety Code § 25360. See Docket No. 42 at 2-3.

**C10-01807 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Christopher D. Jensen | cdj@bcltlaw.com, fmc@bcltlaw.com |
| Douglas A. Berry | DABLAW22@aol.com, amenusa@aol.com |
| Eleanor Wiley Knight | eleanor.knight@wilsonelser.com, James.Baker@wilsonelser.com |
| Kwi Yong Lee | kwioui@yahoo.com |
| Nicole Marie Martin | nmm@bcltlaw.com |
| Noel Edlin | nedlin@behblaw.com, cgill@behblaw.com, cpantel@behblaw.com, jkeefe@behblaw.com, lbiksa@behblaw.com |
| R. Morgan Gilhuly | rmg@bcltlaw.com |
| Ralph Wells Robinson | Ralph.Robinson@wilsonelser.com, Pamela.Moran@wilsonelser.com |
| Stephen W. Wilson | wswhome@aol.com |
| Thomas H. Clarke , Jr | tclarke@ropers.com, cbrown@rmkb.com, jdigiacomo@ropers.com, mmcpherson@ropers.com, tdolan@rmkb.com |
| Timothy A. Dolan | tdolan@rmkb.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4