\*\* E-filed May 20, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SISTERS OF NOTRE DAME DE NAMUR, CALIFORNIA PROVINCE,<br><br>    Plaintiff,<br>  v.<br><br>MRS. OWEN J. GARNETT-MURRAY, et al.,<br><br>    Defendants.<br>_____<br><br>MRS. OWEN J. GARNETT-MURRAY, et al.<br><br>    Third Party Plaintiff and Cross-Claimant,<br>  v.<br><br>MANLEI CHIAO, et al.,<br><br>    Third Party Defendants and Cross-Defendant<br>_____/ | No. C10-01807 HRL<br><br>**ORDER (1) GRANTING TECHNICHEM'S MOTION TO DISMISS SECOND CAUSE OF ACTION IN FIRST AMENDED THIRD PARTY COMPLAINT, (2) GRANTING IN PART AND DENYING IN PART TABATABAI AND FESAHATI'S MOTION TO DISMISS SECOND AND THIRD CAUSES OF ACTION IN FIRST AMENDED THIRD PARTY COMPLAINT, AND (3) DENYING TABATABAI AND FESAHATI'S MOTION TO DISMISS CROSS-CLAIMS**<br><br>[Re: Docket Nos. 57, 58, 59, 62, 68] |

**BACKGROUND**

This action involves the alleged contamination and resulting clean-up of land. Plaintiff Sisters of Notre Dame de Namur, California Province (the "Sisters") own property located at 1330 Saratoga-Sunnyvale Road in Sunnyvale, California (the "Mardesich Property"). Together, defendants Mrs. Owen J. Garnett-Murray ("Garnett-Murray") and Fremont Corners, Inc. ("Fremont

1 Corners") own the Fremont Corners shopping center adjacent to the Mardesich Property (the
2 "Fremont Corners Property"), and defendant Manlei Chiao ("Chaio") has owned and operated
3 Angela's Dry Cleaning, located on the Fremont Corners Property, since October 2003.

4     The Sisters allege that chlorinated solvents, including perchloroethylene ("PCE"), have been
5 released by Angela's Dry Cleaning since at least November 2006 and that these releases have
6 contaminated the soil and possibly the groundwater on the Mardesich Property. In 2007, the Sisters
7 collected soil vapor samples on their property, which revealed concentrations of PCE about 15 times
8 greater than the level considered presumptively acceptable for residential use. Clean-up efforts have
9 begun.

10     The Sisters filed suit against Garnett-Murray, Fremont Corners, and Chaio for violations of
11 the Resource Conservation and Recovery Act ("RCRA"), 42, U.S.C. §§ 6901 et seq., and for state
12 law continuing nuisance and trespass violations. Docket No. 17.

13     Garnett-Murray and Fremont Corners then cross-claimed against Chiao and also sued third
14 party defendants Technichem, Inc. ("Technichem"), Mohsen Tabatabai ("Tabatabai"), and Shahin
15 Fesahati ("Fesahati") for, among other things, the necessary clean-up costs, contribution, and
16 declaratory relief under three provisions of the Comprehensive Environmental Response,
17 Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607 §§ 9607(a), 9613(f),
18 9613(g). Docket No. 53. Tabatabai and Fesahati are alleged to have owned and operated Angela's
19 Dry Cleaning prior to Chaio, and Technichem is alleged to have provided containers to Chiao for
20 storing PCE and to have removed and transported PCE from Angela's Dry Cleaning to disposal
21 sites.

22     After that, Chiao cross-claimed against Garnett-Murray, Fremont Corners, Tabatabai, and
23 Fesahati for equitable indemnity, contribution, rescission, negligent misrepresentation, and
24 declaratory relief. Docket No. 60. She alleges that it was Tabatabai and Fesahati who released the
25 chlorinated solvents, that Garnett-Murray and Fremont Corners knew about it, but that none of them
26 did anything about it or told her about it before she took over Angela's Dry Cleaning.

27     Now, Technichem, Tabatabai, and Fesahati have moved to dismiss certain causes of action
28 in Garnett-Murray and Fremont Corners' First Amended Third Party Complaint, and Tabatabai and

Fesahati have moved to dismiss Chiao's cross-claims. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the May 24, 2011 hearing is vacated.[1]

**DISCUSSION**

A. <u>Third Party Defendant Technichem's Motion to Dismiss Second Cause of Action in First Amended Third Party Complaint</u>

Technichem moved to dismiss the second cause of action in Garnett-Murray and Fremont Corners' First Amended Third Party Complaint for contribution under CERCLA. Docket No. 57. Private parties may seek contribution from other "potentially responsible parties" under CERCLA, but only if they have been first been sued under CERCLA §§ 106 or 107(a). 42 U.S.C. § 113(f)(1); <u>United States v. Atlantic Research Corp.</u>, 551 U.S. 128, 131 n.1 (2007). Here, neither Garnett-Murray nor Fremont Corners have been sued under those sections. <u>See</u> Docket Nos. 17, 60.

Garnett-Murray and Fremont Corners also failed to oppose Technichem's motion.[2] "The failure to file an opposition to a motion to dismiss in a manner consistent with the court's rules is grounds for granting the motion." <u>Wiley v. Macy's</u>, No. C10-1188 SBA, 2010 WL 2636029, at *1 n.1 (N.D. Cal. June 30, 2010) (citing <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995) (holding that a pro se litigant's failure to follow a court's local rules and file a timely opposition to a motion to dismiss is proper grounds for dismissal)).

Accordingly, Technichem's motion is GRANTED. The second cause of action in Garnett-Murray and Fremont Corners' First Amended Third Party Complaint is dismissed without prejudice as to all defendants.[3]

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. In addition, Garnett-Murray and Fremont Corners' administrative motion to appear at the hearing (Docket No. 68) is DENIED AS MOOT.

[2] According to correspondence provided by Technichem, it appears that Garnett-Murray and Fremont Corners informed Technichem that they did not oppose its motion. Docket No. 65-1, Ex. A. They did not, however, inform the Court of this, as they should have. <u>See</u> Civ. L.R. 7-3(b).

[3] "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir. 1981), cert. denied, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981)

3

B. <u>Third Party Defendants Mohsen Tababatai's and Shahin Fesahati's Motion to Dismiss First Amended Third Party Complaint</u>

Like Technichem, Tabatabai and Fesahati moved to dismiss the second cause of action in Garnett-Murray and Fremont Corners' First Amended Third Party Complaint. Docket No. 59. For the reasons explained above, their motion is GRANTED in this respect.

However, they also moved to dismiss the third cause of action for declaratory relief under CERCLA. <u>Id</u>. They argue that Garnett-Murray and Fremont Corners "are precluded from seeking any remedy under CERCLA because [Garnett-Murray and Fremont Corners] are not defending any causes of action under CERCLA nor [have they] incurred any costs of removal or remedial actions under [CERCLA § 107]." <u>Id</u>. at 3. But as Garnett-Murray and Fremont Corners correctly point out in their opposition brief, they have incurred clean-up costs and, regardless, this limitation does not apply to "any remedy under CERCLA"; rather, it only applies to claims for contribution. 42 U.S.C. § 113(f)(1); <u>Atlantic Research Corp.</u>, 551 U.S. at 131 n.1. Tabatabai and Fesahati did not reply to Garnett-Murray and Fremont Corners' argument.

Tabatabai and Fesahati's argument fails, so their motion to dismiss the third cause of action in Garnett-Murray and Fremont Corners' First Amended Third Party Complaint is DENIED.

C. <u>Third Party Defendants Mohsen Tababatai's and Shahin Fesahati's Motion to Dismiss Chiao's Cross-Claims</u>

Tabatabai and Fesahati also moved to dismiss Chiao's cross-claims against them. Docket No. 62. They argue that the Court lacks subject-matter jurisdiction because Chiao's cross-claims are all based on California law, but this argument ignores that her cross-claims are related to the Sisters' federal law-based claims, so this Court has supplemental jurisdiction over them. They also argue that because Chiao alleged that "no contamination of ground water has been found or is reasonably likely given the depth to ground water at Fremont Corners" and because Chiao stated in a case

---

(citing <u>Rogers v. Fuller</u>, 410 F.Supp. 187, 192 (M.D.N.C. 1976); <u>Walner v. Friedman</u>, 410 F.Supp. 29, 34 (S.D.N.Y. 1975); <u>Piemonte v. Chicago Board Options Exchange</u>, Inc., 405 F.Supp. 711, 718 (S.D.N.Y. 1975)). All four parties named as defendants in Garnett-Murray and Fremont Corners' First Amended Third Party Complaint are in similar positions with respect to the second cause of action. For this reason, Tabatabai and Fesahati's motion to join Technichem's motion (Docket No. 58) is DENIED AS MOOT.

4

management statement that she "believes the impact of PCE, if any, on the Sisters' property is de minimus," she has failed to state a claim against them. But this case involves soil contamination as well as water contamination. Further, although Chiao contends that any contamination has been de minimus, other parties (including the Sisters) disagree.

Tabatabai and Fesahati's motion to dismiss Chiao's cross-claims is DENIED.

## CONCLUSION

Based on the foregoing: (1) Technichem's motion to dismiss the second cause of action in Garnett-Murray and Fremont Corners' First Amended Third Party Complaint is GRANTED; (2) Tabatabai and Fesahati's motion to dismiss the second and third causes of action in Garnett-Murray and Fremont Corners' First Amended Third Party Complaint is GRANTED IN PART and DENIED IN PART; and (3) Tabatabai and Fesahati's motion to dismiss Chiao's cross-claims is DENIED.

**IT IS SO ORDERED.**

Dated: May 20, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-01807 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Christopher D. Jensen | cdj@bcltlaw.com, fmc@bcltlaw.com |
| Douglas A. Berry | DABLAW22@aol.com, amenusa@aol.com |
| Eleanor Wiley Knight | eleanor.knight@wilsonelser.com, James.Baker@wilsonelser.com |
| Kwi Yong Lee | kwioui@yahoo.com |
| Nicole Marie Martin | nmm@bcltlaw.com |
| Noel Edlin | nedlin@behblaw.com, cgill@behblaw.com, cpantel@behblaw.com, jkeefe@behblaw.com, lbiksa@behblaw.com |
| R. Morgan Gilhuly | rmg@bcltlaw.com |
| Ralph Wells Robinson | Ralph.Robinson@wilsonelser.com, Pamela.Moran@wilsonelser.com |
| Stephen W. Wilson | wswhome@aol.com |
| Thomas H. Clarke, Jr | tclarke@ropers.com, cbrown@rmkb.com, jdigiacomo@ropers.com, mmcpherson@ropers.com, tdolan@rmkb.com |
| Timothy A. Dolan | tdolan@rmkb.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California